# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Deandre Deamon Jones, | ) | Case No. 1:19-cr-093 |
| | ) | |
| Defendant. | ) | |

En'Chante Nicole Thurmon ("Thurman") and Deandre Deamon Jones ("Jones") are engaged to be married. Thurman is pregnant with Jones's child. Thurman and Jones are charged in the same Indictment and have been ordered detained pending further order of the court. The detention order does not address communications between Thurman and Jones. Thurman is being housed a the McLean County Jail. Jones is being housed at the Heart of America Correctional and Rehabilitation Center ("HACTC"). They were apparently permitted to communicate via telephone with one another until July 19, 2019, when HACTC's administrator denied an inmate-to-inmate correspondence request from Jones after being advised by the United States that Thurman and Jones "are co-defendants" and "should not be communicating with each other." (Doc. No. 44-1).

On September 5, 2019, Jones filed a Motion to Modify Order of Detention. (Doc. No. 44). He asserts there is no valid justification to prevent him from communicating with Thurman. Stressing that his detention order does not explicitly prohibit him from communicating with Thurman, he seeks an order from the court authorizing him to reestablish contact with her.

The United States filed a response in opposition Jones's motion on September 19, 2019. (Doc. No. 45). It asserts that the court need not take action on Jones's request as decisions regarding

1

inmate-to-inmate communication are the bailiwick of the detention facility. Alternatively, it asserts that the court should deny Jones's motion, citing the recording of a May 11, 2019, telephone conversation in which Jones discussed the case with Thurman and expressed a desire to harm those who may provide information against him. A copy of this recording has been conventionally filed by the United States as an exhibit. (Doc. No. 46).

On September 24, 2019, Jones filed reply in support of his motion. (Doc. No. 48). He insists that he has complied with HACTC's policies regarding telephone communications. He also points out that the conversation cited by the United States predates the Indictment, which was returned by the Grand Jury on June 5, 2019.

Pretrial detainees have a substantive due process right against restrictions that amount to punishment. United States v. Salerno, 481 U.S. 739, 746, (1987); Bell v. Wolfish, 441 U.S. 520, 535 (1979). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535. There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. Salerno, 481 U.S. at 747.

In distinguishing between a permissible restriction and impermissible punishment, courts look to see whether the restriction is based upon an express intent to inflict punishment. Id. They also consider whether punitive intent can be inferred from the nature of the restriction. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Bell, 441 U.S. at 539

Here, Jones does not challenge the denial of his inmate-to inmate communication request on constitutional grounds or otherwise assert that his constitutional rights have been violated. He does

not characterize the denial of his request as punishment or otherwise assert that denying him permission to call Thurman has no reasonable relationship to a legitimate governmental objective. It is also worth mentioning that he does not assert that he has lost all telephone privileges or that all lines of communication with Thurman have been cut and that he cannot, for example, write to her.

The court agrees with the United States that the telephone restriction at issue here is an operational matter best left to HACTC's administrator. Absent any claim of a constitutional violation, the court is not inclined to interject itself in HACTC's operations and second guess decisions made by its administrator. Defendant's motion (Doc. No. 44) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court